[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE CT Page 2956
Whether codefendant Dr. Longo's motion to dismiss for improper service of process was waived because it was not timely filed.
FACTS
The following facts are alleged in the complaint. At all relevant times, codefendant William A. Longo ("Dr. Longo") was a physician licensed in the State of Connecticut and was an attending medical staff member of the codefendant Middlesex Memorial Hospital (the "hospital"). On September 2, 1989, the plaintiff Frank X. LoSacco was admitted to the hospital with a stab wound. The plaintiff alleges that the hospital and Dr. Longo deprived him of reasonable medical treatment.
The writ, summons and complaint were served on the hospital and on Dr. Longo by Sydney Libby, an "indifferent person."
The hospital moved to dismiss the complaint on the grounds that service of process on the hospital by an indifferent person was improper pursuant to General Statutes Sec. 52-50. On January 2, 1992, the court, O'Connell, J., granted this motion.
Dr. Longo now makes an identical motion to dismiss.
DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book Sec. 142. The grounds which may be asserted in this motion [include]: insufficiency of service of process. Practice Book Sec. 143." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985); see also Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728
(1989) (proper service of process "essential to jurisdiction over the person").
"Any claim of lack of jurisdiction over the person or . . . insufficiency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Sec. 142 [within thirty days of the filing of an appearance]." Bridgeport v. Debek, supra, 179 n. 4, quoting Practice Book Sec. 144. "The motion to dismiss . . .'admits all facts which are well pleaded, invokes the existing record and must be decided on that alone.'" Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). CT Page 2957
Dr. Longo argues that the action against him should be dismissed because service by an indifferent person is improper under General Statutes Sec. 52-50 and because Judge O'Connell has previously found such service improper against the hospital.
The plaintiff conceded at oral argument that Judge O'Connell's ruling on the hospital's motion to dismiss is conclusive on the issue of the impropriety of service. The plaintiff argues, however, that Dr. Longo's motion was not timely filed and, therefore, is waived.
Dr. Longo's appearance was filed on September 26, 1991. Dr. Longo's motion to dismiss was filed on January 15, 1992. At oral argument, however, Dr. Longo argued that he had timely filed his motion to dismiss and that this motion did not reach the court file. Dr. Longo produced a date stamped copy of his motion to dismiss indicating that he had filed his motion to dismiss on October 9, 1991 and that this motion contains an incorrect docket number. Although the motions bears an incorrect docket number, it was filed on October 9, 1991, and accordingly was timely.
For the foregoing reason Dr. Longo's motion to dismiss is granted.
AUSTIN, JUDGE